# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sheila Finnegan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6505 | **DATE** | 5/2/2011 |
| **CASE TITLE** | Barbara J. Wulf vs. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

For the reasons discussed below, Plaintiff's Motion to Supplement the Administrative Record [32] is denied.

■[ For further details see text below.]   Mailed notice.

## STATEMENT

This case is an appeal of Administrative Law Judge ("ALJ") John Pope's October 10, 2008 decision denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. With the parties' cross motions for summary judgment pending, the Plaintiff filed a Motion to Supplement the Administrative Record (Doc. 32). In her motion, Plaintiff notes that she reapplied for benefits after her application was denied. On January 6, 2011, ALJ Sherry Thompson found Plaintiff disabled as of October 11, 2008 (the day after ALJ Pope's decision). Plaintiff attaches the new decision to her motion and requests that the Court "supplement the administrative record, taking notice that the claim before the court only applies to the period between June 16, 2005 and October [11], 2008." (Doc. 32, at 2).

To the extent the recent decision is evidence at all, it was not before ALJ Pope when he issued his decision on October 10, 2008. Since the Appeals Council declined review, the ALJ's decision is the final opinion of the Social Security Administration. Therefore, ALJ Thompson's decision on Plaintiff's later application is not admissible before this Court. *See Diaz v. Chater,* 55 F.3d 300, 305, n.1 (7th Cir. 1995); *Jirau v. Astrue,* 715 F. Supp. 2d 814, 824-25 (N.D. Ill. 2010); *Webb v. Shalala,* No. 93 C 4057, 1993 WL 460843, at *2 (N.D. Ill. Nov. 4, 1993). Although the existence of new material evidence not before the ALJ can form the basis of a remand under sentence six of 42 U.S.C. § 405(g), Plaintiff does not seek that relief here. (Doc. 36, at 1). In her reply, Plaintiff states that she "requests only that the court take notice that the claim before it is limited to the period between June 16, 2005 and October 11, 2008." (*Id.*). The Court is aware of the correct period and sees no reason to formally supplement the record for that purpose. Accordingly, Plaintiff's motion to supplement the record is denied.