# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BARBARA J WULF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 6505 |
| ) | |
| MICHAEL ASTRUE, ) | Magistrate Judge Finnegan |
| Commissioner of Social Security, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Barbara J. Wulf filed an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. On May 2, 2011, the Court remanded the case to the Administrative Law Judge ("ALJ") for further evaluation. Plaintiff now seeks to recover her attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), arguing that the Commissioner's position in defending the ALJ's decision was not "substantially justified." For the reasons set forth here, the application for fees is granted.

## BACKGROUND

Plaintiff filed for DIB and SSI on March 27, 2006, alleging that she became disabled on June 16, 2005 from injuries she sustained in a motor vehicle accident that have left her with muscle, ligament, and nerve damage to her neck, and chronic pain. The Social Security Administration denied her application initially and on reconsideration. Following an administrative hearing, the ALJ found that Plaintiff has the residual functional capacity

to perform a restricted range of light work and is therefore not disabled. The Appeals Council denied Plaintiff's request for review, and she sought relief in this Court pursuant to 42 U.S.C. § 405(g).

In support of her motion to reverse the Commissioner's decision, Plaintiff argued that the ALJ (1) did not give proper weight to the assessments of her treating physicians, (2) failed to consider or misstated material evidence, and (3) erred in finding that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not fully credible. The Court agreed with the first argument, noting that the ALJ omitted any reference to treating physician Dr. Samir Sharma, his medical records, or the specific work restrictions he imposed on Plaintiff. *Wulf v. Astrue*, No. 09 C 6505, 2011 WL 1642522, at *14 (N.D. Ill. May 2, 2011). In addition, the ALJ gave only "cursory reasons" for declining to give controlling weight to the opinion of treating physician Dr. Eileen Heffernan, and then failed to determine what weight it held as required by 20 C.F.R. § 404.1527(d)(2). *Id.* at *15.

The Court also agreed with Plaintiff that the ALJ's credibility determination was flawed because he did not discuss findings and records from treating physician Dr. George DePhillips that supported Plaintiff's claims of disabling limitations. *Id.* at *17. The ALJ's observation that Plaintiff was able to sit through the entire hearing, despite claiming that she could only sit for five minutes out of an eight-hour day, was not alone sufficient to overcome the error. *Id.* at *19 (citing *Powers v. Apfel*, 207 F.3d 431, 436 (7th Cir. 2000)) (expressing doubt as to the reliability of the "sit-and-squirm" test). For all these reasons, the Court remanded the case for further proceedings.

On July 27, 2011, Plaintiff filed a timely application for fees in the amount of $8,075.97. (Doc. 41, at 1). *See also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner does not object to the reasonableness of the specific amount requested, but insists that Plaintiff is not entitled to any fees in this case. In her reply memorandum, Plaintiff amended her fee request to include time spent preparing that document, and she now seeks a total of $8,591.56. (Doc. 49, at 2).

## DISCUSSION

### A.     Standard of Review

Under the EAJA, a court may award attorneys' fees to a prevailing party in a civil suit against the government if the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). It is undisputed that Plaintiff is a "prevailing party." *Schaefer*, 509 U.S. at 300. Therefore, the only issue is whether the government's position was substantially justified, meaning "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A position must have a reasonable basis in both fact and law, and there must be a reasonable connection between the facts and the legal theory. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The EAJA is not an "automatic fee-shifting statute," so merely prevailing against the government in a suit does not entitle a party to fees. *Brady v. Astrue*, No. 08 C 4216, 2011 WL 767881, at *1 (N.D. Ill. Feb. 28, 2011) (citing *Potdar v. Holder*, 585 F.3d 317, 319 (7th Cir. 2009)). To avoid an award of fees, the ALJ must prove that both his pre-litigation conduct, including the ALJ's decision, and his position during the litigation were substantially justified. *Id.* (citing *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)).

**B.    Analysis**

The Commissioner argues that his position in defending the ALJ's decision was substantially justified because on the whole, he had "a rational ground for thinking [he] had a rational ground in defending this case." (Doc. 48, at 6-7). The Commissioner first stresses the Court's finding that the ALJ "did not err or err harmfully" by failing to discuss certain conclusory opinions from Dr. DePhillips, such as that Plaintiff was "disabled" and "unemployable." *Wulf*, 2011 WL 1642522, at *15. Yet the Court also observed that the ALJ's error in failing to mention Dr. DePhillips's treatment notes from April 2006 through January 2008 required a remand. Those notes described a second surgical procedure on Plaintiff's back and various pre- and post-operative findings that were relevant to Plaintiff's complaints of disabling limitations. In addition, the ALJ did not address Plaintiff's continuous use of "a host of narcotic and nonnarcotic pain medications" throughout the nearly three-year period covered in the records. *Id.* at *17-18 (noting that the ALJ cannot selectively discuss evidence that supports his ultimate conclusion). The Commissioner characterizes these omissions as "error[s] of form," claiming that the ALJ merely "fail[ed] to more fully articulate his credibility finding." (Doc. 48, at 6). To the contrary, the ALJ improperly ignored significant medical evidence that supported Plaintiff's allegations. *Accord Bassett v. Astrue*, 641 F.3d 857, 859-60 (7th Cir. 2011) ("[I]t typically takes . . . something like the ALJ's ignoring or mischaracterizing a significant body of evidence" to make the Commissioner's position unjustified).

The Commissioner also attempts to minimize the ALJ's error with respect to Dr. Heffernan's medical opinion. He acknowledges that the ALJ failed to provide more than "cursory reasons" for discounting the opinion, but he notes that such a "shortcoming alone

usually will not be enough to poison the opinion – or the commissioner's defense of the opinion." *Bassett*, 641 F.3d at 859. Here, however, the ALJ not only provided an incomplete explanation for declining to give Dr. Heffernan's opinion controlling weight, but he also ignored his well-established obligation to consider the factors in 20 C.F.R. § 404.1527(d)(2) and determine what weight to give it. *Wulf*, 2011 WL 1642522, at *15. This is more than a mere "failure to 'connect the dots' in the analysis." *Cf. Bassett*, 641 F.3d at 859.

In addition to these errors, the ALJ omitted any reference whatsoever to Dr. Sharma or his treatment notes. The Commissioner suggests that Dr. Sharma's findings are not significant because some of the stated restrictions appeared in the "subjective" portion of the report. (Doc. 48, at 5). The ALJ, however, did not offer that as a basis for completely ignoring Dr. Sharma's records, and there is no question that an agency's lawyers cannot "defend the agency's decision on grounds that the agency itself had not embraced." *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (citing *SEC v. Chenery Corp.*, 318 U.S. 80 (1943)). Moreover, the ALJ once again failed to consider what weight to give this treating physician's opinion. *Wulf*, 2011 WL 1642522, at *14.

Viewed as a whole, the Commissioner's position lacked a reasonable basis in fact and law due to the ALJ's failure to address and weigh significant evidence that would have impacted his decision. In the absence of substantial justification for the Commissioner's position, Plaintiff is entitled to an award of fees.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees is granted in the amount of $8,591.56.

ENTER:

Dated:September 15, 2011

SHEILA FINNEGAN
United States Magistrate Judge